UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

SHAWN TEETER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

NECTAR SLEEP LLC,

Defendant.

NO.

**CLASS ACTION COMPLAINT**

(DEMAND FOR JURY TRIAL)

Plaintiff Shawn Teeter ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Nectar Sleep LLC ("Defendant" or "Nectar Sleep"). The allegations contained in this class action complaint are based on Plaintiff's personal knowledge of facts pertaining to himself and upon information and belief, including further investigation conducted by Plaintiff's counsel, as to the remainder.

**INTRODUCTION**

1.      Defendant has violated the Washington Consumer Protection Act's prohibition on unfair and deceptive acts or practices in the conduct of trade or commerce. "[P]rice advertisements matter." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106 (9th Cir. 2013).

2.      This is a class action lawsuit brought to address Defendant's misleading and unlawful pricing, sales, and discounting practices on its website www.nectarsleep.com (the "Website"). The products at issue are comprised of all mattresses and bedding products that have been offered on the Website at a sale or discounted price from a higher reference price.

CLASS ACTION COMPLAINT - 1
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

Defendant advertises false, misleading, and inflated comparison reference prices to deceive customers into a belief that the sale price is a discounted bargain price.

3. Anyone visiting the Website who buys an item "on sale" from a stricken former or regular price is being misled. This is because that item has not been listed for sale or sold on the Website, in the recent past and for a substantial time, at the former price. Yet Defendant's use of inflated reference prices, strikethrough pricing and discounting, and purported limited-time sales all lead reasonable consumers to believe that the products in fact had been listed for sale and sold on the Website, at the former and regular price, in the recent past, for a substantial period of time.

4. On information and belief, all or nearly all the reference prices on the Website are false and misleading. They are not former or regular prices at which the products were offered on the Website in the recent past for a substantial time. They are inflated prices posted to lure consumers into purchasing items from Defendant.

5. Beyond that, on information and belief, Defendant's products sold on the Website not only have a market value lower than the promised former price, but the market value of the products is also lower than the discounted "sale" price. By using false reference pricing and false limited-time sales, Defendant artificially drives up demand for the products, and by extension drives up the price of the products. As a result, consumers received a product worth less than the price paid. To illustrate, assume a company knows a product will sell in the marketplace at $30. But to increase revenue and capture market share, the company advertises the product as having a "regular" price of $100 and being on "sale" at 60% off. Because consumers value products based on the regular price, and a purported limited-time sale conveys additional savings, the company can sell that $30 product for $40.

6. As a result, consumers are deceived into spending money they otherwise would not have spent, purchasing items they would not have purchased, and/or spending more money for an item than they otherwise would have absent deceptive marketing.

CLASS ACTION COMPLAINT - 2
CASE NO.

7.      For the foregoing reasons, Plaintiff brings this action individually and on behalf of all consumers who, within the applicable statute of limitations period up to and including the date of judgment in this action, purchased Products from Defendant at prices that purported to represent discounts off of falsely represented strikethrough prices. Based on Defendant's unlawful conduct, Plaintiff seeks damages, treble damages, restitution, declaratory relief, injunctive relief, and reasonable attorneys' fees and costs, for: (1) violation of the Washington Consumer Protection Act ("WCPA"), RCW Chapter 19.86; (2) breach of contract; (3) breach of express warranty; (4) fraud / intentional misrepresentation; (5) negligent misrepresentation; and (6) unjust enrichment/quasi-contract.

## PARTIES

8.      Plaintiff Shawn Teeter is a citizen of Washington and is domiciled in Seattle, Washington, at 1537 12th Ave S Apt 15, Seattle, WA 98144. He was present in Washington at the time he made his purchase from the Website.

9.      Defendant Nectar Sleep LLC is a limited liability company with its mailing address at 340 S Lemon Ave #9599, Walnut, California 91789. Defendant owns and operates the website at www.nectarsleep.com (the "Website"), through which it sells mattresses, bedding accessories, and related home sleep products (the "Products") directly to consumers in Washington and nationwide.

10.      Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including, without limitation, any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, and/or conspired in the false and deceptive conduct alleged herein.

## JURISDICTION AND VENUE

11.      This Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because: (a) the proposed Class consists of at least 100 members; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and

CLASS ACTION COMPLAINT - 3
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

(c) minimal diversity exists because at least one member of the proposed Class is a citizen of a state different from Defendant.

12.     This Court has personal jurisdiction over Defendant because Plaintiff purchased Defendant's Products from his home in Washington and received the purchased Products from Defendant at his home in Washington, such that a substantial part of the events giving rise to Plaintiff's claims occurred in Washington. Further, Defendant purposefully directed marketing and advertising of its Products into Washington, and purposefully made the statements and omissions concerning the prices of the Products at issue in this case to consumers in Washington, including to Plaintiff while he resided in and was present in Washington.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this judicial District and because a substantial part of the events giving rise to Plaintiff's claims took place in this judicial District.

**FACTUAL ALLEGATIONS**

**A.     Introduction.**

14.     Advertised "sale" prices are important to consumers. Consumers are more likely to purchase an item if they believe that they are getting a good deal. Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

15.     While there is nothing wrong with a legitimate sale, a fake one—that is, one with misleading regular prices and deceptive discounts—is illegal.

16.     The Washington Consumer Protection Act prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW § 19.86.020.

17.     The Federal Trade Commission's regulations also prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price. 16 C.F.R. § 233.1. They also prohibit retailers from offering fake limited-duration sales. 16 C.F.R. § 233.5.

CLASS ACTION COMPLAINT - 4
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

18.    As numerous courts have found, fake sales violate these laws. "[P]rice advertisements matter." *Hinojos*, 718 F.3d at 1106. "Misinformation about a product's 'normal' price is … significant to many consumers in the same way as a false product label would be." *Id.*

**B.    Overview of Defendant's False Discounts.**

19.    Defendant is a direct-to-consumer online mattress and bedding brand. Defendant owns and operates the Website at www.nectarsleep.com, through which it sells purportedly discounted products (the "Products") to consumers.

20.    Defendant's business model relies on deceiving consumers with false or misleading sales. On any given date, the Products on the Website are represented as being discounted from a substantially higher reference price. On individual product pages, the supposed markdowns are represented to the consumer by prominently displaying a "crossed-out" reference price next to the sale price, purported savings amounts or percentage discounts, and a countdown timer that purportedly shows when the sale will end. Countdown timers are a well-known and powerful marketing strategy that creates a fear of missing out. They are a scarcity tactic that marketers strategically employ to create the perception of product scarcity, which in turn promotes purchase interest. Although Defendant's purported sales are always changing in name, one thing remains constant—they are perpetually available.

21.    For example, Defendant's purported sales frequently advertise a 33% discount off a purported "regular" price. On October 6, 2023, Defendant advertised a limited-time "Fall Sale" offering "33% Off Everything!" On October 31, 2023, Defendant advertised the same limited-time "Fall Sale" offering 33% off. On November 1, 2023, Defendant continued to advertise the same "Fall Sale" offering 33% off.

22.    Moreover, Defendant's Website continuously represents that a sale is on the verge of ending by prominently displaying a countdown timer on the home page. Defendant's countdown timer indicated that the sale would end at midnight. The timer prominently displayed on the Website counts down to midnight, at which point the sale would purportedly end.

CLASS ACTION COMPLAINT - 5
CASE NO.

However, at midnight, the sale does not end. Instead, the same sale is advertised the next day with a new timer that again stated the sale would expire at midnight.

23.     Defendant continues this practice on a daily basis. Rather than having a sale expire at midnight as the Website represents, Defendant instead changes the timer the next day to indicate that the sale will end at midnight that same day. Each day, a new timer is set up to count down to midnight, at which point the purported sale will end. However, the "sale" never ends, and each day an updated timer appears on the home page. Defendant's Website persistently misleads consumers into believing that a sale is ending soon, when in fact it does not.

24.     To confirm that Defendant nearly always offers discounts off of purported regular prices, Plaintiff's counsel performed an investigation of Defendant's advertising practices using the Internet Archive's Wayback Machine (available at www.archive.org) and other contemporary sources.[1] That investigation confirmed that Defendant consistently offers persistent, purported limited-time sales on its Website:

| Capture Date | Banner / Promotion Language |
|---|---|
| Jan 15, 2023 | 33% off everything |
| Feb 15, 2023 | 33% off everything |
| Mar 9, 2023 | 33% off everything |
| Mar 2023 | Save up to $560 on Nectar mattresses & bundles + Save up to 50% on bed frames |
| Apr 15, 2023 | 33% off everything |
| May 15, 2023 | 33% off everything |
| Jun 15, 2023 | 33% off everything |
| Jul 11, 2023 | 33% off everything |

[1] https://web.archive.org searching the following URL  https://www. nectarsleep.com/(last accessed April 22, 2026).

CLASS ACTION COMPLAINT - 6
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

| Capture Date | Banner / Promotion Language |
|---|---|
| Aug 15, 2023 | 33% off everything |
| Sep 15, 2023 | 33% off everything |
| Oct 15, 2023 | 33% off everything |
| Nov 17, 2023 | Save up to 40% on Nectar mattresses |
| Dec 15, 2023 | 40% off mattresses |
| Jan 15, 2024 | 40% off mattresses |
| Feb 15, 2024 | 40% off mattresses |
| Mar 15, 2024 | 40% off mattresses |
| Apr 15, 2024 | 40% off mattresses |
| May 20, 2024 | 40% off mattresses |
| Jun 21, 2024 | 40% off mattresses |
| Jul 15, 2024 | 4TH OF JULY - EXTENDED! Up To 40% OFF Mattresses! — Bundles 50% OFF — Prices Starting From $349 |
| Aug 2, 2024 | LABOR DAY - EARLY ACCESS — Up To 40% OFF Mattresses! — Bundles 50% OFF — Prices Starting From $349 |
| Aug 16, 2024 | LABOR DAY DEALS! — Up To 40% OFF Mattresses! — Bundles 50% OFF — Prices Starting From $349 |
| Sep 15, 2024 | FALL INTO SAVINGS — Save Up To 50% On Mattresses! — Bundles 50% OFF — Prices Starting From $349 |
| Oct 15, 2024 | FALL INTO SAVINGS — Save Up To 50% On Mattresses! — Prices Starting From $349 |
| Nov 16, 2024 | BLACK FRIDAY DEALS! Save Up To 50% On Mattresses! + Spend $1,000 and Save $100 — Prices Starting From $349 |
| Dec 17, 2024 | WINTER FLASH SALE! Our Biggest Offer Ever! Save Up To 50% On Mattresses + 66% On Bundles! — Starting From $349 |

CLASS ACTION COMPLAINT - 7
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

| Capture Date | Banner / Promotion Language |
|---|---|
| Jan 16, 2025 | WINTER WONDERS — Our Biggest Offer Ever! Save Up To 50% On Mattresses + 66% On Bundles! — Starting From $349 |
| Feb 17, 2025 | PRESIDENTS DAY FLASH SALE — Our Biggest Offer Ever! Save Up To 50% On Mattresses + $599 In Accessories Included — Bundles 66% OFF — Starting From $349 |
| Mar 14, 2025 | SPRING INTO SAVINGS! Our Biggest Offer Ever! Save Up To 50% On Mattresses + 66% On Bundles! — Starting From $349w |
| Apr 15, 2025 | SPRING INTO SAVINGS! Our Biggest Offer Ever! Save Up To 50% On Mattresses + 66% On Bundles! — Starting From $349 |
| May 15, 2025 | MEMORIAL DAY DEALS — Our Biggest Offer Ever! Save Up To 50% On Mattresses + 66% On Bundles! — Starting From $349 |
| Jun 15, 2025 | MEMORIAL DAY DEALS — Our Biggest Offer Ever! Save Up To 50% On Mattresses + 66% On Bundles! — Starting From $349 |
| Jul 11, 2025 | NECTAR PRIMETIME OFFERS! Our Biggest Offer Ever! Save Up To 50% On Mattresses + 15% Off Our Regular Prices! — Starting From $297 — Bundles Save Up To 66% |
| Aug 18, 2025 | LABOR DAY DEALS! Our Biggest Offer Ever! Save Up To 50% On Mattresses + 66% On Bundles! — Starting From $349 |
| Sep 15, 2025 | LABOR DAY DEALS! Our Biggest Offer Ever! Save Up To 50% On Mattresses + 66% On Bundles! — Starting From $349 |
| Oct 8, 2025 | NECTAR PRIMETIME OFFERS — Our Biggest Offer Ever! Save Up To 50% On Mattresses + 15% Off Our Regular Prices! — Bundles Save Up To 66% |
| Nov 15, 2025 | BLACK FRIDAY DEALS — Our Best Offer! Save Up To 50% On Mattresses + 66% On Bundles! — Starting From $349 |
| Dec 14, 2025 | WINTER WONDERS — Our Best Offer! Save Up To 50% On Mattresses + 66% On Bundles! — Starting From $349 |
| Jan 16, 2026 | PRESIDENTS DAY DEALS - EARLY ACCESS — Our Best Offer! Save Up To 50% On Mattresses + 66% On Bundles! — Starting From $349 |

CLASS ACTION COMPLAINT - 8
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

| Capture Date | Banner / Promotion Language |
|---|---|
| Feb 15, 2026 | PRESIDENTS DAY DEALS — Save Up To 50% On Mattresses + 66% On Bundles! — Starting From $349 |
| Mar 11, 2026 | SPRING INTO SAVINGS — Our Best Offer! Save Up To 50% On Mattresses + 66% On Bundles! — Starting From $349 |

25.    Defendant's Website also lists fake regular prices and purported discounts. For example, Defendant frequently advertises its mattress Products with significant discounts from purported "regular" prices displayed in strikethrough font.

26.    Everything about these advertisements is false. The sales Defendant advertises are not limited-time events where the Products are marked down from their regular retail prices because Defendant's Products never retail at the purported regular price listed in strikethrough font. In fact, the Products always retail at a much lower price than the "regular" price. And when the countdown timer ends, the sales do not end. Instead, they are immediately replaced by a different sale offering comparable discounts, or Defendant simply restarts the timer and begins the countdown to a false end date.

27.    In addition to using fake timers that count down to fake limited-time sales, Defendant uses a prominently displayed fake timer at checkout that reads "Hurry! Your order is reserved for 10:00 minutes." This ten-minute countdown timer effectively rushes unwitting consumers to proceed through the checkout process as fast as possible, requiring that contact information, shipping address information, payment information, and a final consent to the order being processed all be completed within a ten-minute time frame. On information and belief, this timer is just another ruse—like the fake limited-time sales it advertises—which seeks to manipulate consumers into finalizing a purchase without second-guessing, comparison shopping, or considering any of Defendant's hidden terms and conditions, any of which might otherwise dissuade consumers from completing the purchase.

28.    Defendant employs these deceptive tactics to convey to customers that the product was listed or sold on the Website at the reference price, in the recent past and for a

CLASS ACTION COMPLAINT - 9
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

substantial period of time, but is now being listed and sold to the customer at a substantial discount. Reasonable consumers would understand that the strikethrough reference price, the countdown timer, or an adjacent savings claim, each independently convey that the product was listed or sold on the Website at the reference price in the recent past for a substantial period of time, but is now being listed and sold to the customer at a substantial discount.

29.     However, on information and belief, this reference price is a falsely inflated price because Defendant rarely, if ever, lists or sells its Products at the reference price. The purpose of the reference price is to mislead customers into believing that the displayed reference price is a former or regular price at which Defendant usually lists and sells the item in the recent past, and thus that the market value equals the reference price. As a result, Defendant falsely conveys to customers that they are receiving a substantial markdown or discount.

30.     In addition to the mattress discount, Defendant regularly bundles so-called "free" accessories—such as mattress protectors, sheet sets, and cooling pillows—by displaying the accessories with a strikethrough reference price and a sale price of $0.00. This further amplifies the false impression of savings, leading consumers to believe that they are receiving additional products worth the displayed reference prices at no charge, when in truth these accessories are standard components of Defendant's promotional pricing and are effectively never sold at the advertised reference prices.

31.     On information and belief, this is not a new or isolated sales practice by Defendant, but has continued regularly throughout at least 2023 to 2026.

C.     **Defendant's Products' Purported Reference Prices Were Not the Market Price of the Products.**

32.     Separately, Defendant cannot claim that the reference prices for its Products are the prevailing market prices.

33.     On information and belief, Defendant does not independently verify that the reference prices are the prevailing market prices at which the products are listed for sale by other retailers for a substantial period of time and in substantial quantities. And on information and

CLASS ACTION COMPLAINT - 10
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

belief, Defendant does not update the reference prices on a daily basis to reflect prevailing market conditions.

34.     On information and belief, Defendant's advertised reference prices are higher than the prevailing market prices for the identical products. Because Defendant consistently sells its products at prices significantly lower than its advertised former prices, there is no reasonable basis to believe that Defendant consistently sells its products at prices below the prevailing market prices. In competitive markets, the actual prices offered by vendors selling the same item tend to converge on the market price.

**D.     Defendant's Conduct Violates Federal and State Law.**

35.     The Washington Consumer Protection Act prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW § 19.86.020. Defendant's perpetual false discount scheme constitutes an unfair and deceptive act or practice within the meaning of the WCPA.

36.     The Federal Trade Commission Act ("FTCA") prohibits "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1). Under FTC regulations, false former pricing schemes like the ones employed by Defendant are deceptive practices that violate the FTCA. 16 C.F.R. § 233.1; 16 C.F.R. § 233.5.

37.     Pursuant to 16 C.F.R. § 233.1(a), "[o]ne of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the 'bargain' being advertised is a false one." 16 C.F.R. § 233.1(a). The FTCA also prohibits retailers from offering fake limited-duration sales, stating: "[Retailers] should not offer an advance sale under circumstances where they do

CLASS ACTION COMPLAINT - 11
CASE NO.

not in good faith expect to increase the price at a later date, or make a 'limited' offer which, in fact, is not limited." 16 C.F.R. § 233.5. On information and belief, Defendant's reference prices are not bona fide former prices, and Defendant's purported limited-time sales are not genuinely limited in time.

**E.      Defendant's Deceptive Pricing Harms Consumers.**

38.     Defendant's false discounts harm consumers by misrepresenting price and value, inducing purchases that consumers would not otherwise make, and causing consumers to pay more than they otherwise would. Consumers who are presented with discounts are substantially more likely to make a purchase. According to one survey, two-thirds of consumers have made a purchase they were not originally planning to make solely based on finding a coupon or discount, and 80% said they felt encouraged to make a first-time purchase with a brand that was new to them if they found an offer or discount.

39.     Academic research confirms the power of reference price advertising. "By creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness to buy the product."[1] Thus, "empirical studies indicate that, as discount size increases, consumers' perceptions of value and their willingness to buy the product increase, while their intention to search for a lower price decreases."[2] "[D]ecades of research support the conclusion that advertised reference prices do indeed enhance consumers' perceptions of the value of the deal."[3] According to academic studies, "[c]onsumers are influenced by comparison prices even when the stated reference prices are implausibly high."[4]

40.     Defendant's scheme deprives consumers of the benefit of truthful pricing information. It prevents consumers from accurately evaluating: (a) whether they are actually receiving a good deal; (b) whether to wait; (c) whether to comparison shop; and (d) whether the product is worth the price.

41.     In short, Defendant's conduct injured Plaintiff and the Class members by: (a) inducing purchases that would not have occurred; (b) causing consumers to pay a price premium;

CLASS ACTION COMPLAINT - 12
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

and/or (c) causing consumers to accept products of lower market value than represented by Defendant's reference prices.

**F.        Plaintiff's Individual Experience.**

42.        On October 11, 2023, Mr. Teeter purchased The Nectar Mattress (Queen) from Defendant's Website, www.nectarsleep.com, Order #N-12896987. At the time of his purchase, Defendant was advertising a purported discount on the mattress. Defendant listed the purported regular price of The Nectar Mattress as $999.00 in strikethrough and advertised a discounted price of $799.00, representing a purported savings of $200.00. In addition, as part of the same promotional offer, Defendant displayed a Mattress Protector by Resident (Queen) with a strikethrough reference price of $99.00 at a sale price of $0.00, a Sheet Set by Resident (Queen) with a strikethrough reference price of $200.00 at a sale price of $0.00, and two Cooling Pillows by Resident (Standard) each with a strikethrough reference price of $200.00 at a sale price of $0.00—implying that Mr. Teeter was receiving these accessories as free bonuses worth a combined $699.00. Mr. Teeter's total paid was $880.89 (inclusive of $81.89 in taxes), with the mattress priced at $799.00 and the accessories at $0.00. His receipt reflecting those prices is found below:

### Order Details

| | | | |
|---|---|---|---|
| The Nectar Mattress | Qty 1 | $999.00 | $799.00 |
| Est. Ship Date 10/12/23 - 10/14/23 | | | |
| Mattress Protector by Resident Queen | Qty 1 | $99.00 | $.00 |
| Est. Ship Date 10/14/23 - 10/18/23 | | | |
| Sheet Set by Resident Queen | Qty 1 | $200.00 | $.00 |
| Est. Ship Date 10/14/23 - 10/18/23 | | | |
| Cooling Pillow by Resident Standard | Qty 2 | $200.00 | $.00 |
| Est. Ship Date 10/14/23 - 10/18/23 | | | |

### Order Summary

| | |
|---|---|
| Subtotal | $880.89 |
| Coupon Discount | -$699.00 |
| Shipping | $0.00 |
| Taxes | $81.89 |
| **Total** | $880.89 |

CLASS ACTION COMPLAINT - 13
CASE NO.

43.     Prior to making his purchase on October 11, 2023, Mr. Teeter reviewed Defendant's Website and saw that Defendant was advertising substantial, time-limited discounts and bundled free accessories. At the time of his purchase, the Website prominently displayed a countdown timer indicating that the purported sale would end within hours. Plaintiff read and relied on Defendant's representations that The Nectar Mattress had a regular price of $999.00 and that he was receiving a discount of $200.00, as well as on Defendant's representations that the bundled accessories had the reference prices displayed and were being provided at no charge as part of a promotional offer. Mr. Teeter also believed that the sale would end soon as a result of Defendant's prominent countdown timer. In addition, during the checkout process, Defendant displayed a fake timer reading "Hurry! Your order is reserved for 10:00 minutes," which rushed Mr. Teeter through the checkout process. Believing that the sale was limited and that the countdown timers were genuine, Mr. Teeter rushed through the checkout process as fast as possible, inputting all the necessary information required to complete the transaction within the limited time that was only supposedly provided. Based on these representations, Mr. Teeter believed he was receiving genuine discounts from the true regular prices, and that the promotional offer would not always be available.

44.     In the order confirmation email that Defendant sent to Mr. Teeter after he made his purchase, Defendant represented that The Nectar Mattress had a regular price of $999.00, that Mr. Teeter was paying the discounted price of $799.00, and that the bundled accessories were provided at $0.00 each (against the displayed reference prices).

45.     Like other reasonable consumers, Mr. Teeter expected the advertised discounts to be based on the actual regular sales prices of the products. He reasonably believed that the $999.00 strikethrough price represented the regular, former price of The Nectar Mattress—the price at which Defendant usually sold the mattress before the time-limited promotion went into effect—and that the reference prices for the bundled accessories represented their true market values.

CLASS ACTION COMPLAINT - 14
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

46. In truth, however, as described above, Defendant's Products, including The Nectar Mattress and the bundled accessories that Mr. Teeter purchased, were almost always available at the same discounted prices against the same reference prices. In other words, Defendant did not regularly sell its Products at the purported reference prices, and the Products were not discounted as advertised. Plus, the sale was not limited time—Defendant's Products are nearly always offered at the same promotional prices.

47. In completing his purchase, Plaintiff was not made aware of any additional terms and conditions that he would allegedly be assenting to in completing the purchase, including any purported agreements to arbitrate his claims and/or waive his right to a jury trial and/or waive his right to proceed on a class or representative action basis, nor did he have adequate time to consider such additional terms and conditions had they been made available, due to Defendant's checkout countdown timer as described above.

48. At the time Mr. Teeter purchased the Products on October 11, 2023, he did not know that Defendant's sales were not real or that the discounts were fake. Nor did he have any reason to suspect that the sales were fake when he purchased the Products. Discovering Defendant's deception required extensive investigation of internet archives and pricing history, revealing that the promotional pricing was perpetual and not limited in time, that the discounts are fake, and that the advertised reference prices are not the true regular selling prices.

49. Mr. Teeter faces an imminent threat of future harm. He would purchase Products from Defendant again in the future if he could feel sure that Defendant's reference prices accurately reflected Defendant's former prices and the market value of the Products, and that its discounts were truthful. But without an injunction, Mr. Teeter has no realistic way to know which—if any—of Defendant's reference prices, discounts, and sales are not false or deceptive. Accordingly, he is unable to rely on Defendant's advertising in the future, and so cannot purchase Products he would like to purchase.

50. Plaintiff read and relied on Defendant's representations on Defendant's Website, specifically that the Products he purchased were being offered at a discount for a limited time

CLASS ACTION COMPLAINT - 15
CASE NO.

and had the reference prices listed above. Based on Defendant's representations, Plaintiff reasonably understood that Defendant regularly sold the Products at the published reference prices, that these reference prices were the market value of the Products that he was buying, that he was receiving the advertised discounts as compared to the reference prices, and that the advertised discounts were not almost always available. He would not have made the purchases if he had known that the Products were not discounted as advertised, and that he was not receiving the advertised discounts.

**G.     Tolling of the Statute of Limitations.**

51.     All applicable statutes of limitations have been tolled by the delayed discovery doctrine. Plaintiff and Class members could not have reasonably discovered Defendant's practice of running perpetual and/or extended sales, based on deceptive reference prices, at any time prior to commencing class action litigation.

52.     A reasonable consumer viewing the Website on multiple occasions would simply believe that a product is on sale for the time period represented on the Website. Short of visiting and checking the Website for months continuously, a reasonable consumer would not suspect that Defendant's sales and pricing practices were false and misleading. Nor would a reasonable consumer be able to ascertain the market value of the products being sold absent extensive investigation.

53.     As a result, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

**CLASS ACTION ALLEGATIONS**

54.     Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (b)(3), as representative of two Classes:

   **The Nationwide Class:** All persons in the United States who, within the applicable statute of limitations period, purchased one or more Nectar Sleep Products advertised at a discount from a higher reference price on Defendant's Website (the "Nationwide Class").

CLASS ACTION COMPLAINT - 16
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

**The Washington Subclass:** All members of the Nationwide Class who, while in the state of Washington, purchased one or more Nectar Sleep Products advertised at a discount from a higher reference price on Defendant's Website (the "Washington Subclass").

55. The following people are excluded from the proposed Classes: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

**Numerosity & Ascertainability**

56. The proposed Classes contain members so numerous that separate joinder of each member is impractical. The exact number and identities of the members of the Classes can only be ascertained through appropriate discovery, but Plaintiff alleges that there are in excess of 100,000 members of the Nationwide Class. Class Members can be identified through Defendant's sales records and public notice.

**Predominance of Common Questions**

57. There are questions of law and fact common to the proposed Classes. Common questions include, without limitation: (1) whether Defendant advertised false reference prices on products offered on the Website; (2) whether Defendant advertised price discounts from false reference prices on products offered on the Website; (3) whether the products listed on Defendant's Website were offered at their reference prices for any reasonably substantial period of time prior to being offered at purported discount prices; (4) whether Defendant's deceptive pricing scheme violates the Washington Consumer Protection Act; (5) whether the members of the Classes are entitled to damages and/or restitution; and (6) whether injunctive relief is

CLASS ACTION COMPLAINT - 17
CASE NO.

**NICK MAJOR LAW PLLC**
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

appropriate and necessary to enjoin Defendant from continuing to engage in false or misleading advertising.

**Typicality & Adequacy**

58.    Plaintiff's claims are typical of the proposed Classes. Like the proposed Classes, Plaintiff purchased Nectar Sleep Products advertised at a purported discount from a higher reference price. There are no conflicts of interest between Plaintiff and the Classes.

**Superiority**

59.    A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. The damages sustained by individual Class Members may be relatively small, making the expense and burden of individual litigation financially impossible for most Class Members. It would be unduly burdensome to have individual litigation in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**Substantial Similarity**

60.    The products at issue in the action are substantially similar in all material respects. Namely, the products were all advertised with a false reference price, advertised with a strikethrough reference price, and advertised with a false sale price or false "free" accessory bundle. The products are also all sold by Defendant on the Website and consist of mattresses and related home sleep products.

**CAUSES OF ACTION**

**<u>COUNT I</u>**
**Violation of the Washington Consumer Protection Act**
**RCW Chapter 19.86**
**(On Behalf of Plaintiff and the Washington Subclass)**

61.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

62.    Plaintiff brings this cause of action individually and on behalf of the Washington Subclass.

CLASS ACTION COMPLAINT - 18
CASE NO.

63. Defendant has violated the Washington Consumer Protection Act ("WCPA"), RCW Chapter 19.86.

64. Section 19.86.020 of the WCPA states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020.

65. Under the WCPA, "[a]ny person who is injured in his or her business or property by a violation of RCW 19.86.020 … may bring a civil action in superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee." RCW § 19.86.090. A private plaintiff may be eligible for treble damages not to exceed $25,000, and may obtain injunctive relief.

66. Defendant engages in the conduct of trade or commerce within the meaning of the WCPA. Defendant does this by selling mattress and bedding products in a manner that directly and indirectly affects people of the state of Washington.

67. As alleged more fully above, Defendant made and disseminated untrue and misleading statements of fact in its advertisements to Class members, constituting acts of unfair methods of competition and/or unfair or deceptive acts or practices. Defendant did this by advertising limited-time offers that were not actually limited in time, false regular prices, false discounts, and false bundled "free" accessories with inflated reference prices regarding its Products.

68. Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

69. Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the Nectar Sleep Products. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

CLASS ACTION COMPLAINT - 19
CASE NO.

70.     In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Nectar Sleep Products.

71.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the Washington Subclass.

72.     Plaintiff and the Washington Subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the truth, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

73.     Defendant's acts or omissions are injurious to the public interest because these practices were committed in the course of Defendant's business and were committed repeatedly before and after Plaintiff purchased Defendant's Product. They are part of a pattern of unfair and deceptive advertisements. These actions have injured other persons, and, if continued, have the capacity to injure additional persons.

74.     For the claims under the Washington Consumer Protection Act, Plaintiff seeks all available relief, including injunctive relief, actual damages, treble damages (up to $25,000 per violation), and attorneys' fees and costs pursuant to RCW § 19.86.090.

**COUNT II**
**Breach of Contract**
**(On Behalf of Plaintiff and the Nationwide Class)**

75.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

76.     Plaintiff brings this claim individually and on behalf of the Nationwide Class.

77.     Plaintiff and Class Members entered into contracts with Defendant when they placed orders to purchase Products on Defendant's Website.

78.     The contracts provided that Plaintiff and Class Members would pay Defendant for the Products ordered. The contracts further required that Defendant provide Plaintiff and Class Members with Products that have a market value equal to the reference prices displayed on the

CLASS ACTION COMPLAINT - 20
CASE NO.

Website. They also required that Defendant provide Plaintiff and Class Members with the discounts advertised on the Website and listed in the order confirmation, including with respect to bundled accessories represented as free against a displayed reference price. These were specific and material terms of the contract.

79. Plaintiff and Class Members paid Defendant for the Products they ordered, and satisfied all other conditions of their contracts.

80. Defendant breached the contracts with Plaintiff and Class Members by failing to provide Products that had a market value equal to the reference price displayed on its Website, and by failing to provide the promised discounts. Defendant did not provide the discounts that Defendant had promised.

81. Plaintiff provided Defendant with notice of these breaches of contract.

82. As a direct and proximate result of Defendant's breaches, Plaintiff and Class Members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

83. For the breach of contract claims, Plaintiff seeks all damages available including expectation damages and/or damages measured by the price premium charged to Plaintiff and the Nationwide Class as a result of Defendant's unlawful conduct.

## COUNT III
### Breach of Express Warranty
### (On Behalf of Plaintiff and the Nationwide Class)

84. Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

85. Plaintiff brings this claim individually and on behalf of the Nationwide Class.

86. Defendant, as the manufacturer, marketer, distributor, supplier, and/or seller of Nectar Sleep Products, issued material, written warranties by advertising that the Products had a prevailing market value equal to the reference price displayed on Defendant's Website, and that bundled accessories had the market values reflected in their displayed reference prices. These

CLASS ACTION COMPLAINT - 21
CASE NO.

were affirmations of fact about the Products (i.e., representations of their market value) and promises relating to the goods.

87. These warranties were part of the basis of the bargain and Plaintiff and members of the Nationwide Class relied on them.

88. In fact, the stated market values were not the market values. Thus, the warranties were breached.

89. Plaintiff provided Defendant with notice of this breach of warranty.

90. Plaintiff and the Nationwide Class members were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased the Products if they had known that the warranties were false, (b) they overpaid for the Products because the Products were sold at a price premium due to the warranties, and/or (c) they did not receive the Products as warranted that they were promised.

91. For the breach of express warranty claims, Plaintiff seeks all damages available including expectation damages and/or damages measured by the price premium charged to Plaintiff and the Nationwide Class as a result of Defendant's unlawful conduct.

## COUNT IV
### Fraud / Intentional Misrepresentation
### (On Behalf of Plaintiff and the Nationwide Class)

92. Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

93. Plaintiff brings this claim individually and on behalf of the Nationwide Class.

94. Defendant made false or misleading statements of fact concerning the existence of and the amounts of price reductions because, as explained herein, (a) the false reference prices advertised in connection with products offered on the Website misled and continue to mislead customers into believing the products were previously offered for sale and/or sold on the Website at the higher reference prices on a regular basis for a reasonably substantial period of time, (b) Defendant falsely represents the products as on sale for limited time when in truth a new

CLASS ACTION COMPLAINT - 22
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

substantially equivalent sale is promptly instituted after the expiration of an existing sale, and (c) Defendant falsely represents bundled accessories as having market values reflected in their stated reference prices when in truth those accessories are never sold at those prices.

95.     In addition, Defendant had a duty to conspicuously disclose the truth about its pricing deception, including that the reference prices advertised on the Website were not prices at which Defendant's items were listed or sold on the Website in the recent past on a regular basis for a reasonably substantial period of time. Defendant also failed to disclose that the expiration of any given sale would be followed by a substantially equivalent sale. Reasonable consumers were likely to be deceived by Defendant's failure to disclose material information.

96.     Defendant knew that its representations were false when made, or at the very least, were made recklessly and without regard for their truth. Defendant knew that the items Plaintiff and the Class purchased had rarely, if ever, been offered or sold on the Website at the substantially higher reference prices in the recent past.

97.     Defendant's representations were made with the intent that Plaintiff and the Class rely on the false representations and spend money they otherwise would not have spent, purchase items they otherwise would not have purchased, and/or spend more money for an item than they otherwise would have absent the deceptive marketing scheme.

98.     Plaintiff and the Class reasonably relied on Defendant's representations. Absent Defendant's misrepresentations, Plaintiff and the Class would not have purchased the items they purchased from Defendant, or, at the very least, they would not have paid as much for the items as they ultimately did. Plaintiff and the Class's reliance was a substantial factor in causing them harm.

99.     As a direct and proximate result of the above, Plaintiff and the Class have suffered damages in an amount to be proven at trial.

100.    Plaintiff and the Class are also entitled to punitive or exemplary damages. Defendant, through its senior executives and officers, undertook the illegal acts intentionally or

CLASS ACTION COMPLAINT - 23
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

with conscious disregard of the rights of Plaintiff and the Class, and did so with fraud, malice, and/or oppression.

## COUNT V
### Negligent Misrepresentation
### (On Behalf of Plaintiff and the Nationwide Class)

101.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

102.     Plaintiff brings this claim individually and on behalf of the Nationwide Class.

103.     Defendant made false or misleading statements of fact concerning the existence of and the amounts of price reductions because, as explained herein, (a) the false reference prices advertised in connection with products offered on the Website misled and continue to mislead customers into believing the products were previously offered for sale and/or sold on the Website at the higher reference prices on a regular basis for a reasonably substantial period of time, and (b) Defendant falsely represents the products as on sale for limited time when in truth a new substantially equivalent sale is promptly instituted after the expiration of an existing sale.

104.     Defendant had a duty to conspicuously disclose the truth about its pricing deception, including that (1) the reference prices advertised and published on the Website were not prices at which Defendant's items had been offered and/or sold on the Website in the recent past on a regular basis for a reasonably substantial period of time, (2) Defendant's products rarely (if ever) were offered or sold anywhere at the advertised reference prices on a regular basis for a reasonably substantial period of time, and (3) the expiration of any given sale would be followed by a substantially equivalent sale.

105.     Defendant knew or should have known that its representations were false when made. Defendant knew that the items Plaintiff and the Class purchased had rarely, if ever, been offered or sold on the Website at the substantially higher reference prices in the recent past. Defendant knew its sales were falsely advertised as being of limited duration.

106.     Defendant had no good faith or reasonable basis to believe that its representations were true when made.

CLASS ACTION COMPLAINT - 24
CASE NO.

107.    Defendant's representations were made with the intent that Plaintiff and the Class rely on the false representations and spend money they otherwise would not have spent, purchase items they otherwise would not have purchased, and/or spend more money for an item than they otherwise would have absent the deceptive marketing scheme.

108.    Plaintiff and the Class reasonably relied on Defendant's representations. Absent Defendant's misrepresentations, Plaintiff and the Class would not have purchased the items they purchased from Defendant, or, at the very least, they would not have paid as much for the items as they ultimately did. Plaintiff and the Class's reliance was a substantial factor in causing them harm.

109.    As a direct and proximate result of the above, Plaintiff and the Class have suffered damages in an amount to be proven at trial.

## COUNT VI
### Unjust Enrichment / Quasi-Contract
### (On Behalf of Plaintiff and the Nationwide Class)

110.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

111.    Plaintiff brings this claim individually and on behalf of the Nationwide Class, in the alternative to his remaining claims.

112.    By its wrongful acts and omissions, Defendant was unjustly enriched at the expense of and to the detriment of Plaintiff and the Class and/or while Plaintiff and the Class were unjustly deprived. Defendant's unlawful and deceptive pricing scheme induced Plaintiff and the Class to spend money they otherwise would not have spent, purchase items they otherwise would not have purchased, and/or spend more money for a product than they otherwise would have absent the deceptive advertising.

113.    Plaintiff and members of the Class also conferred a monetary benefit on Defendant in the form of Defendant's profits generated by the deceptive marketing scheme. Defendant profited from inappropriately and artificially inflated prices.

CLASS ACTION COMPLAINT - 25
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

114.    On behalf of the Class, Plaintiff seeks restitution from Defendant and an order disgorging all payments and profits obtained by Defendant from Plaintiff and the Class.

115.    Plaintiff and the Class seek this equitable remedy because their legal remedies are inadequate. An unjust enrichment theory provides the equitable disgorgement of profits even where an individual has not suffered a corresponding loss in the form of money damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.    Certification of this case as a class action on behalf of the proposed Classes and any subclasses defined above, appointment of Plaintiff as Class representative, and appointment of his counsel as Class Counsel;

b.    For an order declaring Defendant's conduct violates the statutes referenced herein;

c.    For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

d.    For actual, expectation, reliance, compensatory, statutory, and/or punitive damages in amounts to be determined by the Court and/or jury;

e.    For treble damages as permitted under the Washington Consumer Protection Act, RCW § 19.86.090;

f.    For prejudgment interest on all amounts awarded;

g.    For an award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits Defendant obtained as a result of its unlawful, unfair, and fraudulent business practices;

h.    For injunctive relief ordering Defendant to cease the false advertising and unfair business practices complained of herein;

i.    For an order awarding Plaintiff and the Classes their reasonable attorneys' fees, expenses, and costs of suit; and

CLASS ACTION COMPLAINT - 26
CASE NO.

NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

j.      For such further relief that the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

RESPECTFULLY SUBMITTED AND DATED this 23rd day of April, 2026.

NICK MAJOR LAW PLLC

By: */s/ Nicholas R. Major*
   Nicholas R. Major, WSBA No. 49579
   E-mail: nick@nickmajorlaw.com
   450 Alaskan Way S, Suite 200
   Seattle, Washington 98104
   Telephone: (206) 410-5688

GUCOVSCHI LAW FIRM, PLLC.

   Adrian Gucovschi, *Pro Hac Vice Forthcoming*
   E-Mail: adrian@gucovschilaw.com
   140 Broadway, Fl. 46
   New York, New York 10005
   Telephone: (212) 884-4230
   Facsimile: (212) 884-4230

HEDIN LLP

   Frank S. Hedin, *Pro Hac Vice Forthcoming*
   E-Mail: fhedin@hedinllp.com
   1395 Brickell Avenue, Suite 610
   Miami, Florida 33131-3302
   Telephone: (305) 357-2107
   Facsimile: (305) 200-8801

   *Counsel for Plaintiff*

CLASS ACTION COMPLAINT - 27
CASE NO.